UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

WENDEL VANTINE, individually and as successor in interest to MAXINE LILLIAN VANTINE, deceased,

    Plaintiff,

  v.

MERCK & CO., INC., et al,

    Defendants.

_____/

NO. CIV. S-06-2851 LKK/EFB

O R D E R

Plaintiff Wendel Vantine commenced this action against Merck & Co., Inc. ("Merck") on September 25, 2006 in California Superior Court for alleged injuries caused by the prescription drug Vioxx. Merck removed this action to federal court on diversity jurisdiction on December 15, 2006. Plaintiff now moves to remand, asserting that removal was improper and that this court lacks jurisdiction. Merck moves to stay the action pending its transfer to the Judicial Panel on Multidistrict Litigation ("JPML") proceeding that has been established to deal with the large volume of Vioxx-related cases in federal court.

# I. Background

This case is one of hundreds of cases regarding Vioxx.  On February 16, 2005, the MDL panel consolidated and transferred 148 federal cases involving Vioxx to the Eastern District of Louisiana.  In re Vioxx Prods. Liab. Litig., 360 F. Supp. 2d 1352 (J.P.M.L. 2005).  The MDL panel held that the "nearly 300 potentially related actions in multiple federal districts . . . will be treated as potential tag-along cases."  Id. at 1352 n.1.  Similarly, on September 6, 2005, the JPML established MDL-1699 to coordinate pretrial proceedings in actions regarding Bextra and Celebrex.

Merck provided notice to the JPML of this action on December 19, 2006.  Defendant Pfizer also provided notice to the JPML of this action on December 18, 2006.  On January 25, 2007, the JPML had listed this case on a conditional transfer order.

# II. Analysis

The power to stay proceedings in the interest of judicial economy is an inherent power left to the discretion of the court.  Landis v. North Am. Co., 299 U.S. 248, 254 (1936).  In cases involving similar jurisdictional questions, deference to the MDL proceeding is often appropriate when "the motion raises issues likely to arise in other actions pending in [the consolidated action]."  Conroy v. Fresh Del Monte Produce Inc., 325 F. Supp. 2d 1049, 1053 (N.D. Cal. 2004).

Here, Merck asserts that removal is proper because defendants McKesson and Amerisource, whose presence defeats

diversity jurisdiction, were fraudulently joined.  The question of fraudulent joinder is not unique to the pending case.  <u>See</u>, <u>e.g.</u>, <u>Lame Bull v. Merck & Co., et. al</u>, No. 05-2465, slip op. (E.D. Cal. January 24, 2006) (Karlton, J.) (staying case to allow remand to be decided by MDL judge); <u>Purcell v. Merck & Co., et. al</u>, No. 05-0443, slip op. (S.D. Cal. June 6, 2005) (same); <u>Johnson v. Merck & Co.</u>, No. C-05-02881, slip op. at *2 (N.D. Cal. Oct. 3, 2005) (same).

Given the number of cases that present this exact jurisdictional question and the growing number of cases being transferred to the MDL proceedings, this court, like several other district courts, finds that the interest of judicial economy favors staying this action pending its transfer to the MDL proceeding.[1]  For these reasons, the court hereby ORDERS that:

1. Defendant Merck's motion to stay is GRANTED;

2. Plaintiff's motion to remand is DENIED;

3. Oral argument on the motions currently set for February 20, 2007 at 10:00 a.m. is VACATED;

4. Upon entry of this order, further proceedings in this

---

[1] The court is aware that it is departing from its August 15, 2005 order on the same issue.  <u>See</u> <u>Martin v. Merck & Co.</u>, No. S-05-750, slip op. (E.D. Cal. Aug. 15, 2005) (Karlton, J.).  Subsequent developments regarding the MDL Vioxx proceedings justify the court's change in position.  Namely, since the August order was issued, over 55 cases from California that involve the identical jurisdictional issues are now before the MDL judge in the Eastern District of Louisiana.  <u>See</u> Def. Merck's Opp'n to Pl.'s Mot. for Remand at 3.

```
 1              action shall be STAYED, pending transfer of the action
 2              to the MDL proceeding.
 3         IT IS SO ORDERED.
 4         DATED: February 9, 2007.
 5
 6
 7                              _____
                                LAWRENCE K. KARLTON
                                SENIOR JUDGE
 8                              UNITED STATES DISTRICT COURT
```